# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:09-CV-0076 |
| v. | : | |
| | : | Judge Marbley |
| ZOMAX, INCORPORATED, et al. | : | |
| | : | Magistrate Judge Kemp |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335, the federal interpleader statute (doc. no. 4). A preliminary informal conference on Plaintiff's Motion was held on February 2, 2009 pursuant to S.D. Ohio Civ. R. 65.1(a). Present at that conference were Plaintiff's counsel; counsel for Defendant Capital City Consulting, Inc. ("Capital City"); and counsel for Defendants Willow Lake Property, LLC; Jes Willow Lake LLC; Willow Lake Tenn, LLC; MSP Willow Lake, LLC; and Res Willow Lake LLC (collectively "Willow Lake").[1] The Court finds that a Temporary Restraining Order ("TRO") is necessary and **GRANTS** Plaintiff's Motion in that respect. The Court, however, **DENIES** Plaintiff's request for a preliminary injunction at this time because the Parties have consented to submit an agreed preliminary injunction order to the Court on February 12, 2009.

Upon consideration of Plaintiff's Complaint and hearing the arguments of the Parties, the Court finds that the Plaintiff has satisfied the requirements for instituting a statutory interpleader

---

[1] Counsel for Defendants Zomax Incorporated and ComVest Group, Inc. were not present.

action.[2] First, the value of the Zomax Incorporated Checking Account ("Zomax Funds") held by Plaintiff is over $300,000.00. Second, Defendants Capital City, ComVest Group, Inc., and Willow Lake are all claimants of diverse citizenship whose claims are adverse to and independent of one another. Third, Plaintiff has deposited the Zomax Funds (in the form of a check for part of the amount and a bond for the remaining portion) into the registry of the Court.

In a statutory interpleader action such as this one, 28 U.S.C. § 2631 empowers this Court to enjoin other actions "seeking a determination of the rights in the stake being contested."

---

[2] 28 U.S.C. § 1335 states:
(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

21 Wright & Miller, Federal Practice & Procedure § 49.43[3]. The evidence presented to the Court on Plaintiff's Motion shows that the Zomax Funds held by Plaintiff are currently subject two different garnishment orders issued by state courts in two different cases. On October 7, 2008, in response to Willow Lake's claims against Zomax Incorporated, the Ohio Court of Common Pleas, Franklin County issued an order of garnishment relating to the Zomax Funds in Case No. 08-JG-28501. Shortly thereafter, in response to Capital City's claims against Zomax Incorporated, the North Carolina General Court of Justice, Superior Division for Forsyth County issued an order of garnishment relating to the Zomax Funds in Case No. 08 CVS 7328. The combined dollar amount of the judgments in those cases appears to exceed the value of the Zomax Funds.

The evidence presented to the Court also shows that upcoming hearings scheduled in those cases within the next three weeks could result in inconsistent orders requiring Plaintiff to disburse the Zomax Funds to different Defendants. Therefore, the Court concludes that: (1) a TRO, enjoining the two state court garnishment actions related to the Zomax Funds, is necessary to prevent inconsistent rulings concerning the rightful disposition of the Zomax Funds; and (2) a

---

[3] 28 U.S.C. § 2361 states:
In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

TRO preventing all Defendants from instituting, commencing, prosecuting, or continuing any action or garnishment proceeding related to the Zomax Funds is necessary for the same reason.[4] Consequently Plaintiff's Motion for a TRO and Preliminary Injunction (doc. no. 4) is **GRANTED** to the extent it seeks a TRO, but **DENIED** to the extent it seeks a preliminary injunction.

It is therefore ORDERED**,** that, for as long as this Order remains in effect:

(1) All Defendants are temporarily restrained from instituting, commencing, prosecuting, or continuing any action or garnishment proceeding for the recovery of all or any portion of any Zomax accounts or funds in Wachovia's Possession ("Funds") or any form of declaratory relief relating to the Funds pending further order of this Court.

(2) The garnishment action in the Ohio Court of Common Pleas, Franklin County, Case No. 08-JG-28501, relating to the Funds and the garnishment action in the North Carolina General Court of Justice, Superior Division for Forsyth County, Case No. 08 CVS 7328, relating to the Funds are hereby enjoined and stayed pending further order of this Court, provided that Defendants Willow Lake Property, LLC; JES Willow Lake LLC, Willow Lake Tenn, LLC; MSP Willow Lake, LLC; RES Willow Lake LLC; and Capital City Consulting, Inc., may preserve the interests which they obtained through the garnishment procedures in such actions.

This Temporary Restraining Order shall become effective immediately and remain in effect until **February 12, 2009, at 5:00 p.m.** Additional bond shall not be required as Plaintiff has already deposited the Funds at issue with the Court.

---

[4] The Court notes that, as Federal Rule of Civil Procedure 65 does not apply to requests for injunctive relief under 28 U.S.C. § 2361, Plaintiff can obtain injunctive relief without satisfying the elements required by that rule. *Thrivent Fin. for Lutherans v. Thompson*, No. 3:04-cv-327, 2005 WL 2290312, at *3 (S.D. Ohio Sept. 20, 2005). Therefore, issuance of this temporary restraining order is proper even if Plaintiff could not demonstrate irreperable injury. *Id*.

The Court further orders that, no later than **February 12, 2009, at 5:00 p.m.**, the Parties are jointly to submit a proposed agreed Order of Preliminary and Permanent Injunction.  As part of that agreed order, all parties (including ComVest Group, Inc.) are to submit a proposed discovery schedule and an agreed trial date.

    **IT IS SO ORDERED.**

                                                       s/Algenon L. Marbley
                                                      **ALGENON L. MARBLEY**
                                                      **United States District Court Judge**

**DATE: February 2, 2009**