IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A., : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:09-CV-0076 |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| ZOMAX INCORPORATED, et al., : | MAGISTRATE JUDGE KEMP |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Wachovia Bank, N.A.'s ("Wachovia") Motion to Dismiss Defendant Capital City Consulting, Inc.'s ("Capital City") Counterclaim (Doc. 26), Wachovia's Motion to Dismiss Willow Lake Defendants' ("Willow Lake") Counterclaim (Doc. 27), Wachovia's Motion to Dismiss Willow Lake's Amended Counterclaim (Doc. 77), and Defendant ComVest Inomax Holdings, LLC's ("ComVest") Motion to Dismiss Defendant Capital City's Cross-Claim(Doc. 56).[1] For the reasons set forth below, this Court **DENIES** Wachovia's Motion to Dismiss Capital City's Counterclaim, **GRANTS** in part and **DENIES** in part Wachovia's Motion to Dismiss Willow Lake's Amended Counterclaim, and **GRANTS** in part and **DENIES** in part ComVest's Motion to Dismiss Capital City's Cross-Claim.

---

[1]As a preliminary matter, this Courts notes that Wachovia's Motion to Dismiss Willow Lake's Amended Counterclaim (Doc. 77) supercedes Wachovia's motion to Dismiss Willow Lake's Counterclaim (Doc. 27). Wachovia's Motion to Dismiss Willow Lake's Counterclaim is therefore **MOOT**.

## II. BACKGROUND

## A. FACTUAL BACKGROUND

Zomax, Incorporated ("Zomax") is a corporation organized under the laws of Minnesota, with its principal places of business in Minnesota and Ohio. Zomax held a commercial checking account at Wachovia, bearing Account No. 2000029362604 ("Checking Account").

On or about July 9, 2008, Willow Lake obtained a judgment against Zomax in Shelby county, Tennessee in the amount of $304,804.07, with interest. On July 29, 2008, Willow Lake domesticated this judgment in the Franklin County, Ohio Court of Common Pleas, Case No. 08-JG-28501 ("Ohio Action").

On or about August 20, 2008, Capital City obtained a judgment against Zomax in the Franklin County, Ohio, Court of Common Pleas, Case No. 08-CV-5046, in the amount of $86,491.57, with interest and costs. Capital City domesticated this judgment in the North Carolina General Court of Justice, Superior Court Division, for Forsyth County, Case No. 08-CVS-7328 ("North Carolina Action").

On October 7, 2008, Willow Lake filed a Notice, Affidavit, and Order of Garnishment ("Willow Lake Garnishment") in the Ohio Action in connection with the Checking Account. On October 14, 2008, the Willow Lake Garnishment was served on Wachovia's Legal Order Processing department. On October 14, 2008, the amount of money, property or credits of Zomax in the possession or under the control of Wachovia was $316,830.14 (the "Zomax Funds").

On October 18, 2008, Wachovia's Legal Order Processing department attached the Zomax Funds pursuant to the Willow Lake Garnishment. On November 5, 2008, Official check

No. 3100042024 in the amount of $316,830.14 was issued and sent to the Franklin County Clerk of Court. Wachovia's Legal Order Processing department later asked that the check be returned. On November 12, 2008, the Franklin County Clerk of Court returned Official check No. 3100042024 to Wachovia and Wachovia did not otherwise file an answer or response to the Willow Lake Garnishment.

Also on November 5, 2008, Willow Lake filed a Motion to Show Cause as to Why Wachovia Should Not Be Held in Contempt in the Ohio Action. The Franklin County, Ohio Court of Common Pleas issued an Order on Motion to Show Cause and scheduled a show cause hearing for February 13, 2009. The show cause hearing has since been stayed.

On December 5, 2008, Capital City filed a garnishment (the "Capital City Garnishment") in the North Carolina Action, in connection with the Checking Account. On December 10, 2008, Wachovia's Legal Order Processing department received the Capital City Garnishment, and indicated that no funds were available in the Checking Account. On December 10, 2008 the Forsyth County Superior Court issued an Order in the North Carolina Action prohibiting Wachovia from transferring or disposing of any Zomax funds owed to Capital City. The Court scheduled a hearing for January 6, 2009. The North Carolina Action was later continued until February 24, 2009, with instructions to Wachovia to refrain from transferring or disposing any Zomax funds owed to Capital City.

On December 22, 2008, following a sale of assets and inventory, Zomax provided funds to Wachovia in the amount of $341,804.07, which Wachovia received and set aside.

## B. PROCEDURAL BACKGROUND

On January 30, 2009, Wachovia filed a Complaint in this Court for Interpleader and Injunctive Relief against Defendants Capital City, ComVest, Willow Lake, and Zomax. With the filing of the complaint Wachovia deposited the Zomax Funds with the Court in the following manner: (1) a check made payable to Clerk, U.S. District Court, in the amount of $252,810.17 with the registry of this Court; and (2) a bond payable to the clerk of the court in the amount of $88,993.90.

On January 30, 2009, Wachovia also filed a Motion for a Temporary Restraining Order. On February 2, 2009, after holding a preliminary informal conference with the parties pursuant S.D. Ohio Civ. R. 65.1(a), this Court granted the Temporary Restraining Order. This Court found that Wachovia had satisfied the requirements for instituting a statutory interpleader action, as set forth in 28 U.S.C. § 1335, because: (1) the value of the Zomax Funds held by Wachovia was over $300,000; (2) Capital City, ComVest, and Willow Lake all claimants of diverse citizenship whose claims are adverse to and independent of one another; and (3) Wachovia deposited the Zomax Funds into the registry of the Court. The Temporary Restraining Order was extended on February 12, 2009 and again on February 23, 2009, to accommodate newly retained counsel for the parties. On March 5, 2009, this Court issued an Agreed Order of Injunction, effective until the resolution of this case, enjoining the state court garnishment actions and preventing any of the defendants from instituting any new garnishment actions.

On April 1, 2009, Wachovia filed Motions to Dismiss the Counterclaims of Capital City and Willow Lake. On June 16, 2009, Capital City filed a Motion to Dismiss ComVest's Cross-

Claim. On July 14, 2009, Willow Lake filed an Amended Counterclaim against Wachovia. Wachovia moved to dismiss Willow Lake's Amended Counterclaim on July 29, 2009

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6) a case may be dismissed if the complaint fails to state a claim on which relief can be granted. A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 553 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

Although liberal, this standard requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). Under the federal pleading requirements, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotations omitted)). While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a

valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health & Recovery Bd.,* 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

## IV. LAW & ANALYSIS

### A. COUNTERCLAIMS OF WILLOW LAKE AND CAPITAL CITY

#### 1. The Positions of the Parties

In its counterclaim, Capital City alleges that Wachovia failed to comply with the orders of the North Carolina General Court of Justice in the North Carolina Action by misstating that there were no Zomax Funds available and at no time responding or informing the North Carolina Court that funds were available. Capital City further alleges that it relied upon Wachovia's alleged misrepresentations in deciding to continue the hearing on the garnishment in the North Carolina Action. Capital City seeks compensatory and punitive damages, and any other appropriate relief.

Willow Lake's counterclaim against Wachovia involves three counts. First, Willow Lake argues that Wachovia failed to answer or otherwise respond to the Willow Lake Garnishment in the Ohio Action. Under Count One of its counterclaim, Willow Lake seeks judgment against Wachovia for the funds subject to garnishment and for attorneys' fees associated with this action. Under Count Two of its counterclaim, Willow Lake further asserts that Wachovia's actions placed Willow Lake's interests in the Zomax Funds in jeopardy by failing to comply with a termination agreement under which Wachovia was to remit $341,804.07 to the Franklin County Clerk of Court for payment to Willow Lake. Willow Lake seeks a judgment of $341,804.07 plus interest and attorneys' fees incurred in the action. Under Count Three, Willow

Lake seeks a declaratory judgment that it is entitled to funds on deposit with the Court, an award of costs associated with this action, and all other appropriate relief.

Wachovia moves to dismiss the counterclaims of Willow Lake and Capital City alleging that the claims do not articulate any recognizable cause of action on which relief can be granted. With regards to Capital City's counterclaim, Wachovia argues that Capital City fails to identify the specific cause of action and to detail the law under which the cause of action arises. Wachovia argues that the allegations included in the Willow Lake claim fail to satisfy the requirement that the complaining party provide "fair notice" of the nature of the claim. Wachovia further asserts that it is unable to determine whether all the essential elements of a claim have been pled. Lastly, Wachovia argues that the neither the Willow Lake counterclaim nor the Capital City counterclaim are independent of the issue of who is entitled to the Zomax Funds. Wachovia asserts that Willow Lake and Capital City seek damages because Wachovia chose to proceed with an interpleader action rather than to provide the Zomax Funds either to Capital City or to Willow Lake.

## 2. Interpleader Actions and Independent Liability

When a defendant brings a counterclaim against the interpleader, an interpleader is kept in the litigation to defend against the counterclaim, rather than being dismissed from the litigation after depositing the disputed funds with the court. *See United States v. High Technology Products*, 497 F.3d 637, 643 (6th Cir. 2007) (holding that "the district court had the power to adjudicate, in conjunction with the interpleader action, any damage claims related to the isotopes that were brought before the district court by the parties."). Interpleader protection does not extend to counterclaims which are separate from the claims to the interpleaded funds.

*See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967) (cautioning that "interpleader was never intended . . . to be an all-purpose 'bill of peace'"). A valid interpleader action will, however, shield the interpleader-plaintiff from liability for counterclaims where the "counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having chosen from among adverse claimants." *Metropolitan Life Ins. Co. V. Barretto*, 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001) (holding that counterclaims that arise from "utilizing the protections afforded by the interpleader" should be dismissed). "Were the defendants in an interpleader action permitted to carry forward with counterclaims against the stakeholder based upon the same interpleaded funds, the very purpose of the interpleader action would be utterly defeated." *Commerce Funding Corp. v. Southern Financial Bank*, 80 F. Supp. 2d 582, 585 (E.D. Va. 1999).

It has previously been held that an interpleader is not free from liability for diminishing the value of the interpleaded stake because of the existence of an unrelated dispute as to who is the rightful owner. *High Technology*, 497 F. 3d at 643 (holding that the existence of competing claims of entitlement did not immunize the interpleader against potential liability for damage sustained to the property while in its custody). Further, courts have ruled that an interpleader can be held liable for its failure to investigate the ownership of the interpleaded funds where defects in its investigation might be at fault for the existence of the underlying ownership controversy. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265-66 (3d. Cir. 2009).[2]

---

[2]Additionally, "where an [interpleader] unreasonably delays in filing the interpleader action, that can itself constitute ground for denying it the right to bring the action." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d at 266 n. 5.

### 3. Basis for a Legal Claim for Relief

Neither the Willow Lake nor the Capital City counterclaims assert a claim against Wachovia because of Wachovia's decision to file an Interpleader action. Rather, both counterclaims allege misconduct by Wachovia. Specifically, Willow Lake alleges that Wachovia failed to answer or otherwise respond to the Willow Lake Garnishment and that Wachovia allowed Zomax Funds to be paid out while Wachovia was subject to the garnishment order. Capital City alleges that Wachovia misrepresented that no Zomax Funds were available and then waited two months before proceeding with the Interpleader action before this Court.

Additionally, not all of the counterclaims are claims to the interpleaded funds. Capital City asserts that Wachovia's misstatements regarding the North Carolina garnishment action harmed Capital City. Capital City seeks compensatory and punitive damages, separate from any of the interpleaded funds in this action.

In Count Two of its counterclaim, Willow Lake seeks funds that were the subject of a Termination Agreement between Wachovia and Zomax. This money is separate from the interpleaded funds. To the extent that Willow Lake's counterclaim, specifically in Counts One and Three, seeks those funds that are the subject of this interpleader action, those claims must be dismissed. A counterclaim for the interpleaded funds is not independent from the interpleader action itself. *Commerce Funding Corp. v. Southern Financial Bank*, 80 F. Supp. 2d 582, 585 (E.D. Va. 1999).

Willow Lake and Capital City have alleged sufficient facts to support their counterclaims that Wachovia's actions, separate from Wachovia's decision to file an Interpleader claim, may have constituted misconduct. Wachovia's actions may have diminished the value of the

interpleaded funds or created the underlying ownership controversy through any delay or failure to respond to the Willow Lake Garnishment or the Capital City Garnishment. Under the standard of review Capital City and Willow Lake have provided "fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotations omitted)).

Therefore, Wachovia's Motion to Dismiss Capital City's Counterclaim is **DENIED** and Wachovia's Motion to Dismiss Willow Lake's Counterclaim is **GRANTED** with regard to Counts One and Three and **DENIED** with regard to Count Two.

### B. CAPITAL CITY'S CROSS-CLAIM

Capital City alleges that ComVest is the owner of Zomax and seeks payment on invoices for services provided to Zomax by Capital City. Capital City brought a cross-claim against ComVest alleging: (1) breach of contract; (2) action on an account; (3) fraud; (4) promissory estoppel; and (5) quantum meruit.

ComVest argues that Capital City, by arguing that Zomax and ComVest are the same entity, is essentially trying to pierce the corporate veil without alleging the necessary elements. ComVest also asserts that Capital City has not pled sufficient facts to make out its various claims.

#### 1. Piercing the Corporate Veil

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries" *United States v. Bestfoods*, 524

U.S. 51, 61 (1998). The Sixth Circuit, however, has found the alter ego doctrine to apply "in so-called double-breasted operations to determine whether two or more coexisting employers performing the same work are in fact one business, separated only in form." *UAW v. Aguirre*, 410 F. 3d 297, 301 (6th Cir. 2005) (citing *Ellis v. All Steel Constr., Inc.*, 389 F. 3d 1031, 1034) (10th Cir. 2004) (finding that plaintiffs could proceed under an alter ego theory of liability where the parent company had exercised dominion and control over senior workforce and management, assumed responsibility for debts and losses, manipulated contracts on behalf of the subsidiary to maximize the parent company's revenue, and demonstrated a unity of interest and ownership). Thus, according to Sixth Circuit precedent, it is possible to reach from one corporation to another when "two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision, and ownership. *Id.*

In this case, Capital City alleges that "ComVest, through its private equity funds, is the owner of both Inoveris and Defendant Zomax, and exercises control over both entities." (Capital City Comp. Cross-Claim ¶ 4.) Under the applicable standard of review, Capital City is not required to plead with particularity any connections between ComVest and Zomax. Here, Capital City's "factual allegations... raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

ComVest's Motion to Dismiss Defendant Capital City's Cross-Claim is **DENIED** with regard to the breach of contract, action on the account, promissory estoppel, and quantum meruit claims.

## 2. Requirement to Plead Fraud with Particularity

Rule 9(b) adds additional pleading requirements for allegations of fraud or mistake and allows courts an opportunity to terminate litigation based on unsubstantiated claims. Fed. R. Civ. P. 9(b); *Blount Financial Services v. Walter E. Heller & Co.*, 819 F.2d 151, 153 (6th Cir. 1987). "Thus, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Id*. Courts have previously held that "[Rule 9(b)] may be relaxed where information is only within the opposing party's knowledge. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). The Sixth Circuit has been reluctant to dismiss a claim for failing to plead with particularity where the pleading demonstrates that there is a reasonable basis for the claim pled. *Id*.

A party bringing a fraud claim must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman*, 341 F. 3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)); see also *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("[A]t a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud.") (internal citations omitted).

The facts stated in the complaint are not sufficient to provide a reasonable basis for Capital City's alleged fraud claim and to alert the defendants of the nature of the claim against them. The applicable standard of review**,** that the complaint "give the defendant fair notice of what the claim is, and the grounds upon which it rests," has not been met. *Nader v. Blackwell*,

545 F.3d 459, 470 (6th Cir. 2008) (internal citations omitted).  Capital City is required to provide more than "labels and conclusions."  *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").  Capital City has simply made conclusory statements and assertions that ComVest made false and fraudulent representations.  Those assertions, without more, do not meet the requirement that a fraud allegation be pled with particularity.

ComVest's Motion to Dismiss Defendant Capital City's Cross-Claim is **GRANTED** with regard to the fraud claim.

## V. CONCLUSION

For the foregoing reasons, Wachovia's Motion to Dismiss Capital City's Counterclaim (Doc. 26) is **DENIED**, Wachovia's Motion to Dismiss Willow Lake's Counterclaim (Doc. 27) is **MOOT**, Wachovia's Motion to Dismiss Willow Lake's Amended Counterclaim (Doc. 77) is **DENIED**, and ComVest's Motion to Dismiss Defendant Captial City's Cross-Claim (Doc. 56) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

      <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: November 3, 2009**