# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A., : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:09-CV-0076 |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| ZOMAX INCORPORATED, et al., : | MAGISTRATE JUDGE KEMP |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on Defendants Willow Lake Property LLC, Jes Willow Lake LLC, Willow Lake Tenn LLC, MSP Willow Lake LLC, and Res Willow Lake LLC's (collectively, "Willow Lake") Motion for Summary Judgment (Doc. 112.) On January 6, 2010, Willow Lake moved this Court for summary judgment on certain remaining issues that Willow Lake believes to be determinative of the creditor rights in the present action. For the reasons set forth below, Willow Lake's Motion is **DENIED**.

The factual and procedural background of this case was previously detailed by this Court in its December 17, 2009 Opinion and Order and will not be described again here. (See Doc. 106 p. 1-8.)As a preliminary matter, this Court notes that Willow Lake's Motion is improper. On April 30, 2009, a Joint Proposed Scheduling Order was filed in which the Parties proposed that the deadline to file dispositive motions would be September 10, 2009. (Doc. 44.) On May 27, 2009, Magistrate Judge Kemp issued an Order which ordered that "any additional discovery shall be completed by August 17, 2009, and any additional summary judgment motions shall be filed by September 10, 2009, in accordance with the parties' joint proposed scheduling order." (Doc. 51.) The deadline for filing dispositive motions in this case has passed. Nontheless,

Willow Lake filed its Motion for Summary Judgment without even filing a motion for leave detailing why this Court should accept its untimely motion.

This Court also notes that Willow Lake's Motion for Summary Judgment should properly be characterized as a motion for reconsideration. The language of Willow Lake's filing asks the court to rule on an issue that Willow Lake believes "was not addressed by this Court in its decision of December 17, 2009." (Doc. 112 p. 1.) A motion for reconsideration will lie : "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). It appears that Willow Lake's Motion would fall under criterion three: to correct a clear error of law and to prevent manifest injustice. Willow Lake appears to ask this Court to reconsider the rulings that were originally made on the various summary judgment motions previously before this Court.[1]

Although Willow Lake: (1) filed an improper Motion for Summary Judgment; (2) failed to petition for leave before filing its motion; and (3) should have properly raised its arguments in a motion for reconsideration, this Court will consider Willow Lake's filing so as not to exhort form over substance. Willow Lake asserts that this Court did not rule upon the status of ComVest Inomax Holdings, LLC's ("ComVest") perfection of certain deposit control accounts

---

[1] Alternatively, this Court notes that the issues raised in Willow Lake's Motion for Summary Judgment are premature. If Willow Lake is unhappy with this Court's analysis of and decisions regarding the issues in its December 17, 2009 Opinion and Order, the proper recourse is for Willow Lake to appeal this Court's decision when appropriate. The fact that Willow Lake disagrees with this Court's determination of the issues in this case does not give it permission to waste the Court's time and judicial resources with an out-of-rule filed motion for summary judgment.

at the time a Termination Agreement was executed between Wachovia Bank, N.A. ("Wachovia") and Zomax, Inc. ("Zomax"). (See Doc. 112 p. 1, 3.) Willow Lake argues that if ComVest did not have a perfected security interest in Zomax's deposit accounts at the time of the Termination Agreement, then Willow Lake, having a valid garnishment order at the time of execution of the Termination Agreement, is entitled to certain Zomax funds.

This Court first notes that it specifically addressed this issue in its December 17, 2009 Opinion and Order. There, this Court stated that "ComVest, by its own admission, did not obtain control of the deposit account until February 17, 2009, after this interpleader action was filed and the interpleaded funds were on deposit with this Court." This Court further found that "[s]ince ComVest did not have control over the deposit accounts prior to February 17, 2009, ComVest's security interest was not perfected as to the deposit accounts before February 17, 2009 [after the execution of the Termination Agreement]." (Doc. 106 p. 18.)

Willow Lake mischaracterizes this issue as the only legal question resolving perfection of ComVest's security, and therefore, the only issue preventing Willow Lake from being entitled to the Zomax funds. As this Court previously stated, however, material facts are in dispute that prevent this Court from granting summary judgment. Specifically, though ComVest may not have had a perfected security interest in Zomax's deposit control accounts when this action was filed, ComVest did step into the shoes of LBC with regard to perfection as to other Zomax collateral. The applicable U.C.C. financing statement, filed by LBC Credit Partners, L.P. ("LBC") on March 2, 2007, with the Minnesota Secretary of State, covers the following collateral: "[a]ll assets of the Debtor [Zomax], wherever located, whether now owned or existing or hereafter aquired or arising, together with the proceeds thereof." (Com Vest Mot. for Summ.

Judg. Ex. E.)  Therefore, "[b]ecause ComVest...assumed the status of LBC pursuant to the January 20, 2009 assignment, its security interest can trace the proceeds of Zomax's asset sale resulting in the funds on deposit with this court."[2] (Doc. 106 p. 18.)

ComVest's potential entitlement to trace the funds means that genuine issues of material fact remain regarding whether ComVest may have waived its security interest.  As this Court has noted: "[s]pecifically, there are material facts in dispute as to whether ComVest: (1) had knowledge of the terms of the Termination Agreement and (2) waived its interest in the funds expressly set aside within that agreement, which are now on deposit with this Court." (Doc. 106 p. 20.)  This Court previously denied summary judgment where there were genuine issues of material facts in dispute.  cannot and will not grant summary judgment issues where there are material facts in dispute.   The Court considered and ruled upon the issued raised in the instant motion.  Therefore, Willow Lake's Motion for Summary Judgment is **DENIED**.

    **IT IS SO ORDERED.**

                                            s/Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT COURT**

**Dated: January 11, 2010**

---

[2] It was asserted by Wachovia that the funds now on deposit from this court were the result of a sale of Zomax assets and inventory.